## MERRETT ET AL. v. RITTER.

[No. 19,559.    Filed May 16, 1902.]

LIFE ESTATE.—*Acquisition of Title in Fee.—Street Improvements.*—The husband of the owner of a life estate in certain real estate obtained title thereto from a sale of the property for street improvements. The husband died intestate leaving his wife as his sole heir. The wife conveyed the property by warranty deed to defendant in consideration of $1, and the agreement of the grantee to maintain grantor during her life. At her death plaintiffs brought suit as remaindermen to quiet title. *Held,* that the action cannot be maintained without showing an accounting between the parties as to taxes and street improvements, or an offer to reimburse defendant for the payments made for the benefit of the common property.

From Tippecanoe Superior Court;  *W. D. Wallace,* Judge.

Action by Lewis C. Merrett and others against Lucinda Ritter to quiet title. From a judgment for defendants, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*D. C. Wilson* and *M. A. Quinn,* for appellants.
*J. M. LaRue* and *W. C. Mitchell,* for appellee.

DOWLING, J.—On August 23, 1848, one Dolby Merrett was, and for some time before that date had been, the owner in fee simple of a lot of land in the city of Lafayette, Indiana. On that day the said Dolby Merrett, by quitclaim deed, conveyed said lot for the term of the life of Louisa A. Merrett to one Huff, and Huff thereupon, by a like deed, conveyed the same to the said Louisa A. Merrett, who was the wife of Dolby Merrett. Subsequently these parties were divorced, and, prior to August 17, 1849, the said Dolby Merrett died, leaving, as his sole heir, his brother, William C. Merrett. On November 11, 1852, the said Louisa A. Merrett was married to one Dennis Denowy. ˙ William C. Merrett died leaving,

as his only heirs at law, his widow, Sarah Merrett, and his son, Lewis C. Merrett, the appellants herein. Some time in the year 1871, the appellants, together with the said Louisa A. Denowy and her husband, Dennis, sold and conveyed fifty-two feet off of the south side of said lot. Afterwards, in the same year, the residue of the said lot was duly offered for sale by said city of Lafayette on account of the non-payment of benefits assessed against it for the opening and widening of a public street, and one Martin L. Pierce became the purchaser. Pierce assigned his certificate of purchase to the said Dennis Denowy, and, the property not having been redeemed, the same was, by said city, conveyed to said Dennis Denowy by deed. Afterwards, the same real estate was again offered for sale by said city on account of the non-payment of other assessments against it for street improvements, and Martin L. Pierce bid it off, and received a certificate of purchase, which he assigned to the said Dennis Denowy, and, no redemption having taken place, said lot was conveyed to said Dennis by said city by deed December 22, 1871. Twenty-seven years afterwards, to wit, December 23, 1898, the said Dennis Denowy died, intestate, leaving his widow, Louisa A., as his sole heir. After the death of her husband, Louisa A. Denowy conveyed said premises by warranty deed to Lucinda A. Ritter, the appellee herein, in consideration of the payment of $1, and the agreement of the said grantee to maintain the said Louisa A. Denowy during her life. The said Louisa A. Denowy occupied said premises under the deed executed to her by the said Samuel A. Huff August 23, 1848, until December 23, 1898, when she executed her deed to the said Lucinda A. Ritter, and, upon her marriage with the said Dennis Denowy, he lived with her on the said premises, and continued to do so until he died. Lucinda A. Ritter claims that she is the owner in fee of the said lot by virtue of the conveyance of the same to her by the said Louisa A. Denowy. The appellants assert that they are the owners

in fee of said lot, that the claim of the appellee is unfounded, and that it is a cloud upon their title. By this action, which was commenced September 13, 1900, they seek to have their title quieted. The appellee demurred to a complaint stating the foregoing facts, for the insufficiency of its averments. The demurrer was sustained, and judgment for the appellee followed. The ruling on the demurrer is the error assigned.

Counsel for appellants contend that, under the original conveyance to Louisa A. Merrett, their clients, as the widow and heir at law of William C. Merrett, were remaindermen; that Louisa A. Merrett, the tenant for life, held the real estate in trust for them; that she was a tenant in common with them; that a purchase of the premises by the tenant for life inured to the benefit of the remaindermen; that the husband of the tenant for life could not clandestinely purchase the land in which his wife had an interest so as to hold it against her, but that any such purchase inured to the benefit of the wife's estate in the land; that the husband of the life tenant could hold no higher estate in the land than his wife held; and, that the title of the tenant for life could not be adverse to that of the remaindermen in such manner as to give her any claim for compensation for betterments.

Many of these propositions require no discussion. Conceding, without deciding, that neither the tenant for life nor her husband, who occupied the premises with her, could extinguish the title of the remaindermen by purchasing the common property at a sale for an assessment for street improvements, and that, under the circumstances of this case, the purchase by Denowy inured to the benefit of his wife, as tenant for life, and of the remaindermen, still we think it perfectly clear that the appellants could not have their title quieted as against the grantee of Louisa A. Denowy without an accounting between them and the payment to the appellee of the amount laid out for the street improvements, with interest thereon, and all taxes and other assess-

ments if any, paid on account of the real estate, less the reasonable value of the rents and profits. The complaint admits that Denowy paid for the street improvement, but fails to show that the rents and profits were of any value. The improvement of the street constituted a permanent betterment of the property, and, while Mrs. Denowy may have been liable to pay some proportion of it as tenant for life, she certainly was not responsible for the whole of it. The remaindermen received the benefit of it in the enhanced value of the property, and should have paid their reasonable proportion of its cost. An equitable lien for the outlay was created, and Mrs. Denowy succeeded to all the rights of her husband in the property, and her grantee, the appellee herein, acquired her entire interest in the real estate, and was subrogated to all of her rights. The complaint contained no offer to reimburse the appellee for the payments made for the benefit of the common property, and for that reason it was insufficient, and the demurrer was properly sustained. We find no error. Judgment affirmed.